Louis L. and Rose L. Meyers, Petitioners, v. Commissioner.
Meyers v. Commissioner
Docket No. 61370.
United States Tax Court
T.C. Memo 1959-39; 1959 Tax Ct. Memo LEXIS 205; 18 T.C.M. (CCH) 189; T.C.M. (RIA) 59039; February 27, 1959
*205 Richard Kohn, Esq., for the petitioners. Mark H. Berliant, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax of $893.86 for the year 1953. The issues for decision are (1) whether petitioners suffered a loss from theft; (2) whether the Commissioner properly determined that $312 representing the cost of food consumed by petitioners at their Grill was a non-deductible personal expense; and (3) whether the Commissioner properly allowed only $561.63 of $1,123.27 claimed as miscellaneous business expenses. Findings of Fact Petitioners Louis L. Meyers and Rose L. Meyers are husband and wife. They filed a joint income tax return for 1953 with the district director of internal revenue, Columbus, Ohio. Theft Loss During 1953 petitioners operated the G-M Grill, a restaurant and bar in Columbus, Ohio. It was their practice to keep substantial sums of cash available at the Grill for the purpose of cashing payroll checks for persons employed in the nearby area. These sums ran from $500 to $4,000. On Friday, April 24, 1953, Louis left the Grill about 6:30 p.m. After his *206 departure the establishment was in charge of Harry Levin, the night manager. Levin closed the Grill about 3:00 a.m. on April 25, 1953. On closing he put money from the cash register into a money bag and placed the bag in a drawer in the filing cabinet located in the Grill office. The bag contained $3,338. There was no lock on the cabinet. There was a safe in the office. The money was not placed in the safe because Alice Wright, the morning manager who would need the money early that morning for starting the day business did not have the combination for the safe. This had been the practice at the Grill for several years without loss. Immediately after placing the money in the cabinet, Levin, a waitress, and a night watchman left the premises. Alice Wright, Harry Levin, and petitioners were the only persons possessing keys to the front door of the Grill. There was also a side door to the Grill which was locked with a snap lock which could only be opened from the inside. There was no key for the side door. Levin did not check the side door lock when he left because the watchman told him he had snapped it. Alice Wright arrived to open the Grill at about 4:30 a.m., April 25, 1953. She *207 could not find the money in its usual place. She found the side door ajar. Thereupon she notified Levin, who was then at home, and Louis, who was also at home, of the loss of the money. They came to the Grill shortly thereafter. The Columbus police department was immediately notified. The police investigated the complaint but were unable to locate the money or determine whether or not a theft had occurred. Petitioners suffered a theft loss in 1953 in the amount of $3,338. The loss was not compensated for by insurance. Miscellaneous Expenses Petitioners claimed a deduction of $1,123.27 on Schedule C-2 on their 1953 return for "Miscellaneous Expense." The Commissioner allowed $561.63 of this amount. Food Consumed on Premises In computing the deficiency here involved the Commissioner added to adjusted gross income the amount of $312, with the explanation "that food costing $312.00, which was consumed by you at G-M Grill, is a nondeductible personal expenditure." Opinion The issues are primarily factual. The burden is on petitioners to prove error in the Commissioner's determination. On the first issue, the theft loss, we think the burden has been carried, but on the other *208 two issues we think the petitioners have failed in their burden of proof. Theft Loss We appreciate that, absent actual apprehension of the thief, it is indeed difficult to prove a theft where the occurrence takes place without witnesses. Here the petitioners and two of their former employees, the employees being disinterested at the time of trial, testified concerning the happenings of April 24 and 25, 1953. We carefully observed the witnesses on the stand and have studied the record before us. We regard their testimony as credible and believe it. This testimony establishes that the sum of $3,338 belonging to petitioners was placed in a filing cabinet in the Grill early in the morning of April 25 and that later that morning it was discovered that the money had disappeared. It was never recovered despite what appear to have been routine efforts by the police. The loss was not compensated for by insurance. Perhaps petitioners should have taken more care in safeguarding the money. But this seems beside the point. From the record as a whole we think the only reasonable inference is that a theft by persons unknown occurred and that as a result petitioners suffered a loss not covered *209 by insurance or otherwise. Accordingly they may properly deduct the sum of $3,338. Miscellaneous Expenses Petitioners claimed a deduction of $1,123.27 as miscellaneous expenses in connection with their business. The Commissioner allowed half this amount. Petitioners attempted to explain that these expenses occurred in the hiring of help through an agency, apparently known as "Spot Labor," who after being furnished a "bank" (the term being unexplained) would disappear after service of a day or so. These expenses were recorded on slips, according to Rose, which were placed in the cash register and later totalled. None of the slips or other records to substantiate the expenses were offered in evidence. Louis, again according to Rose's testimony, was relied on "to take care of those things." He did not testify on the subject. Rose further testified the folders containing the slips "might have been destroyed." On the record, we think the Commissioner was liberal in allowing half the claimed expenses and we find no error in his action. Food Consumed on Premises The Commissioner added to adjusted gross income the sum of $312 as representing food consumed by petitioners while *210 they were at the Grill. In the petition it was alleged that petitioners believed that the food they consumed at the place of business should be limited to 280 days at 70 cents per day. Rose testified that she and her husband generally had breakfast and dinner at home and that all they ate at the Grill was enough to tide them over - a bowl of soup and a sandwich. That is all the evidence there is on this issue and we think it is insufficient to establish error in the Commissioner's determination. Decision will be entered under Rule 50.